IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| SHAWN WAYNE WHATLEY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:12-CV-98-MTT-CHW |
| | : | |
| CARL HUMPHREY, Warden, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Shawn Wayne Whatley's 28 U.S.C. § 2254 petition seeking habeas corpus relief. Docs. 1, 8. Also before the Court is Respondent Carl Humphrey's motion to dismiss in which Respondent argues that the petition should be dismissed as untimely. Doc. 10. Because Petitioner failed to file his section 2254 petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because Petitioner has failed to establish adequate grounds for equitable tolling, it is hereby **RECOMMENDED** that the petition be **DISMISSED** as time-barred.

FACTUAL AND PROCEDURAL BACKGROUND

On March 9, 1995, Petitioner pleaded guilty to one count of murder, one count of armed robbery, and one count of theft by taking in the Superior Court of Putnam County. Doc. 12-5. The Court sentenced Petitioner to life imprisonment on the murder count, life imprisonment on the armed robbery count, and twenty years imprisonment on the theft by taking count, to run consecutively. Id. Petitioner did not pursue a direct appeal. Doc. 8.

On February 2, 2004, the Superior Court of Putnam County received Petitioner's "withdrawal of guilty plea" motion. Doc. 12-5. On July 13, 2009, Petitioner filed four motions in

1

the Superior Court of Putnam County: (1) a motion labeled "Alternative One," which Petitioner described as a "motion for out-of-time appeal to withdraw guilty pleas w/ motion for appointment of counsel[;]" (2) a motion labeled "Alternative Two," which Petitioner described as a "request for leave to file out-of-time motion to withdraw guilty pleas[;]" (3) a "motion to be released on bond pending appeal[;]" and (4) a "motion for court to certify question to Georgia Supreme Court[.]" Doc. 12-4. On November 13, 2009, the Clerk of the Superior Court of Putnam County wrote Petitioner a letter, explaining that she was returning the four motions to Petitioner and advising Petitioner to file a state habeas corpus action in the county where he was incarcerated. Id. There is no indication in the record that any of these motions were properly filed or ever resolved by the Superior Court of Putnam County.

On May 6, 2010, Petitioner filed a petition for writ of habeas corpus in the Superior Court of Telfair County. Doc. 12-1. The Court conducted a hearing on Respondent's motion to dismiss the state habeas corpus petition as untimely on September 1, 2010. Doc. 12-4. On April 18, 2011, the Superior Court of Telfair County dismissed the state habeas corpus petition as untimely. Doc. 12-2. The Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal the denial of his state habeas corpus petition on November 30, 2011. Doc. 12-3.

On February 24, 2012, Petitioner executed his 28 U.S.C. § 2254 petition seeking habeas corpus relief in this Court. Doc. 1. On June 27, 2012, Respondent filed an answer and moved to dismiss the petition as untimely. Docs. 9, 10. Petitioner filed two response briefs opposing Respondent's motion to dismiss. Docs. 13, 16. Petitioner also filed a "motion to proceed with habeas corpus" and an "amendment to motion to proceed with habeas corpus" in which Petitioner reiterated his opposition to the motion to dismiss and supplemented several of the arguments contained in his section 2254 petition. Docs. 17, 19.

DISCUSSION

Because the record establishes that Petitioner failed to file his section 2254 petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because the record establishes that Petitioner has failed to establish adequate grounds for equitable tolling, his federal habeas corpus petition must be dismissed as time-barred.

The Antiterrorism and Effective Death Penalty Act (AEDPA), which became effective on April 24, 1996, "imposes a one-year statute of limitations on all federal habeas corpus petitions." San Martin v. McNeil, 633 F.3d 1257, 1265 (11th Cir. 2011). Under the AEDPA, a petitioner who is seeking a federal writ of habeas corpus must file his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1]

When a judgment becomes "final" under 28 U.S.C. § 2244(d)(1)(A) depends on whether a petitioner pursues or forgoes a direct appeal all the way to the United States Supreme Court. Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012). For those petitioners who pursue a direct appeal to the United States Supreme Court, "the judgment becomes final at the 'conclusion of direct review'—when [the United States Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." Id. For all other petitioners, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the United States Supreme Court], or in state court, expires." Id. at 653-654.

In this case, Petitioner did not pursue a direct appeal after pleading guilty on March 9, 1995. Therefore, his conviction became final upon the expiration of time for seeking direct review in state court. Gonzalez, 132 S.Ct. at 653-654; Bridges v. Johnson, 284 F.3d 1201, 1202

---

[1] The one-year limitations period may be triggered by other events described in 28 U.S.C § 2244(d)(1)(B)-(D); however, none of those grounds are applicable in this case.

(11th Cir. 2002). After reviewing the record, it appears that Petitioner's time for seeking direct review in state court expired no later than April 10, 1995, the date that the thirty-day period during which Petitioner could have filed a notice of appeal in the Georgia Court of Appeals expired.[2] O.C.G.A. § 5-6-38(a). Because Petitioner's conviction became final on April 10, 1995, approximately one year before the April 24, 1996 effective date of the AEDPA, Petitioner had an additional "grace period" to file his petition. Moore v. Campbell, 344 F.3d 1313, 1319-1320 (11th Cir. 2003). More specifically, Petitioner had until April 24, 1997 to file his section 2254 petition in this Court. Id. Yet, Petitioner did not execute his petition until February 24, 2012, which is approximately 5,420 days after the limitations period had expired. Accordingly, the record establishes that Petitioner failed to file his federal habeas corpus petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

The record also establishes that Petitioner did not submit "a properly filed application for State post-conviction or other collateral review" in order to toll the one-year limitations period. 28 U.S.C. § 2244(d)(2); see also Jones v. Nagle, 349 F.3d 1305, 1307 (11th Cir. 2003) ("The one-year time limit […] is tolled during the time in which a petitioner could properly file an application for State post-conviction or other collateral review."). Petitioner did not submit any type of application for state post-conviction or other collateral review until the Superior Court of Putnam County received Petitioner's "withdrawal of guilty plea" motion on February 2, 2004. There is no indication on the record that Petitioner's "withdrawal of guilty plea" motion was properly filed in the Superior Court of Putnam County.[3] Assuming for the sake of argument that

---

[2] Thirty calendar days after March 9, 1995 would be April 8, 1995, which was a Saturday. Pursuant to O.C.G.A. § 1-3-1(d)(3), if the last day to file a notice of appeal falls on Saturday or Sunday, time is extended to the following Monday. Here, the following Monday would be April 10, 1995, which is the date used herein.
[3] It does not appear that Petitioner's "withdrawal of guilty plea" motion was properly filed. The Superior Court of Putnam County stamped the motion "received" as opposed to "filed" on February 2, 2004, and there is no indication in the record that the Court ever ruled on the "withdrawal of guilty plea" motion.

Petitioner's "withdrawal of guilty plea" motion was properly filed, it was untimely because Petitioner failed to file the motion during the same term of court as his guilty plea. Bonner v. State, 268 Ga. App. 170, 171 (2004); O.C.G.A. § 15-6-3(28)(G) (providing the terms of court for Putnam County).

Additionally, Petitioner did not file his state habeas corpus petition in the Superior Court of Telfair County until May 6, 2010. As such, Petitioner's state habeas corpus petition was also untimely because Petitioner failed to bring his state habeas corpus action on or before July 1, 2008. O.C.G.A. § 9-14-42(c)(1). Simply stated, by the time Petitioner submitted any type of application for state post-conviction or other collateral review, the one-year limitations period for filing his federal habeas corpus petition had long since expired, meaning that there was no time left to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004), citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

In addition to the statutory tolling provided in 28 U.S.C. § 2244(d)(2), the AEDPA's one-year limitation period is subject to equitable tolling in certain extraordinary cases. See generally Holland v. Florida, 130 S.Ct. 2549 (2010). A petitioner seeking federal habeas corpus relief in the Eleventh Circuit is entitled to equitable tolling only if he establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Hutchinson v. Florida, 677 F.3d 1097, 1100 (11th Cir. 2012), quoting Holland, 130 S.Ct at 2562 (quotation marks omitted). Petitioner bears the burden of showing that equitable tolling applies in his specific case. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002).

Petitioner concedes that his federal habeas petition is untimely but argues that he is actually innocent of the crimes to which he pleaded guilty. Doc. 17 at 4. In support of his actual

innocence, Petitioner relies heavily on the following statement made by the prosecutor during the guilty plea hearing: "[t]he evidence we have, quite frankly, is that the Co-Defendant, Jeffery Cross, was the one that did the actual beating. Jeffery Cross admitted on the tape that he was the one that did the beating, but both Defendants were involved in all counts." Doc. 8-2 at 5. Petitioner also argues that he is blameless for the approximately nine year delay between when he pleaded guilty and when he first sought to challenge his conviction in state court.

A court may consider an untimely section 2254 petition if refusing to consider the merits of the petition "would endorse a fundamental miscarriage of justice because it would require that an individual who is actually innocent remain imprisoned." San Martin, 633 F.3d at 1267-1268 (internal quotations omitted). To satisfy the extremely narrow actual innocence exception, a petitioner must show that he is factually innocent rather than legally innocent. Id. at 1268. That is, a petitioner must show, based on reliable evidence not presented at trial, that no reasonable juror would have convicted him of the offense. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001), citing Schlup v. Delo, 115 S.Ct. 851, 865-867 (1995).

Insofar as Petitioner argues that the statement made by the prosecutor during the guilty plea hearing is newly-discovered reliable evidence of Petitioner's actual innocence, Petitioner misunderstands the law. It is well-established that "statements and arguments of counsel are not evidence." United States v. Lopez, 590 F.3d 1238, 1256 (11th Cir. 2009). Further, the statement is not newly-discovered because the prosecutor made this statement in open court at the guilty plea hearing on March 9, 1995. In support of his actual innocence, Petitioner also alleges that "(a) the murder weapon revealed no fingerprints or DNA of Petitioner, only of Co-Defendant, [and] (b) the wallet and compact disc also after test[ing] revealed that Petitioner did not possess these items only Co-Defendant." Doc. 17 at 3. Critically, however, Petitioner does not offer any

6

newly-discovered reliable evidence to bolster his unsubstantiated allegations. Therefore, Petitioner fails to establish that the "exceedingly narrow" actual innocence exception should apply here. Johnson, 256 F.3d at 1171.

To the extent that Petitioner argues that he is entirely blameless for the approximately nine year delay between his guilty plea and his first attempt to challenge his conviction in state court, his conclusory argument is unpersuasive. Petitioner alleges that "ineffective assistance of [trial] counsel and neglect of trial court culminated in Petitioner not filing appeal or withdrawing plea or challenging conviction." Doc. 16 at 1. Beyond these vague blame-shifting statements, Petitioner fails to proffer any specific evidence tending to show that he exercised "reasonable diligence" in pursuing his rights or that some "extraordinary circumstance" stood in his way. San Martin, 633 F.3d at 1267. In other words, Petitioner does not satisfy his burden of proving circumstances that would justify the application of equitable tolling in this case. Drew, 297 F.3d at 1286. Consequently, the record establishes that Petitioner has not established adequate grounds for equitable tolling.

CONCLUSION

Because Petitioner failed to file his petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because Petitioner failed to establish adequate grounds for equitable tolling, it is hereby **RECOMMENDED** that the motion to dismiss filed by Respondent (Doc. 10) be **GRANTED** and that this section 2254 petition be **DISMISSED WITH PREJUDICE**. In light of this recommendation, it is further **RECOMMENDED** that both the "motion to proceed with habeas corpus" (Doc. 17) and the "amendments to motion to proceed with habeas corpus" (Doc. 19) be **DENIED**.

Additionally, and pursuant to the requirements of Rule 11(a) of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-484 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, it is further **RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 14th day of November, 2012.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge